United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 17-15060-jkf
Jan Marie Malmos                                                      Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin              Page 1 of 1            Date Rcvd: Dec 01, 2017
                              Form ID: 318             Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 03, 2017.
db              Jan Marie Malmos,    47 Copper Beech Ln,    Levittown, PA  19055-1629
13957750        Allied Interstate,    PO Box 361445,   Columbus, OH  43236-1445
13957753        Citibank,    PO Box 9001016,   Louisville, KY  40290-1016
13957755        Levittown-Fairless Hills Rescue Squad,    PO Box 726,   New Cumberland, PA  17070-0726
13957758       +Philadelphia Federal Credit Union,    12800 Townsend Rd,   Philadelphia, PA 19154-1095
13957760        Target/TD Bank,    7000 Target Pkwy N,   Brooklyn Park, MN  55445-4301

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr             +EDI: QRHHOLBER.COM Dec 02 2017 01:58:00      ROBERT H. HOLBER,    Robert H. Holber PC,
                 41 East Front Street,    Media, PA 19063-2911
smg             E-mail/Text: bankruptcy@phila.gov Dec 02 2017 02:03:40      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 02 2017 02:03:02
                 Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 02 2017 02:03:18      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13957751        EDI: RMSC.COM Dec 02 2017 01:58:00      Care Credit/Syncb,    PO Box 965033,
                 Orlando, FL  32896-5033
13957752        EDI: CHASE.COM Dec 02 2017 01:58:00      Chase,   PO Box 15548,   Wilmington, DE  19886-5548
13957754        E-mail/Text: klebens@kaplaw.com Dec 02 2017 02:03:49
                 Kaplin, Stewart, Meloff, Reiter & Stein,    910 Harvest Dr,   Blue Bell, PA  19422-1962
13957756        E-mail/Text: Mbbankbknotice@mbfinancial.com Dec 02 2017 02:03:58      MB Financial,
                 PO Box 6261,   Chicago, IL  60680-6261
13958433       +EDI: PRA.COM Dec 02 2017 01:58:00      PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
13957757        E-mail/Text: paparalegals@pandf.us Dec 02 2017 02:03:57      Patenaude & Feliz APC,
                 501 Corporate Dr,   Canonsburg, PA  15317-8584
13957759        E-mail/Text: bankruptcyteam@quickenloans.com Dec 02 2017 02:03:15      Quicken Loans,
                 1050 Woodward Ave,    Detroit, MI  48226-1906
13957761        EDI: CONVERGENT.COM Dec 02 2017 01:58:00      Verizon,   c/o Convergent Outsourcing,
                 800 SW 39th St,   Renton, WA  98057-4975
                                                                                              TOTAL: 12

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 03, 2017                           Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 30, 2017 at the address(es) listed below:
              JOSHUA Z. GOLDBLUM    on behalf of Debtor Jan Marie Malmos jzgoldblum@aol.com,
               G14492@notify.cincompass.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              ROBERT H. HOLBER    trustee@holber.com, rholber@ecf.epiqsystems.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM J. LEVANT    on behalf of Creditor    Philadelphia Federal Credit Union efile.wjl@kaplaw.com
                                                                                              TOTAL: 5

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Jan Marie Malmos**<br>First Name    Middle Name    Last Name | Social Security number or ITIN   **xxx−xx−4685**<br>EIN   _ _−_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **17−15060−jkf** | | |

# Order of Discharge                                                                                       12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Jan Marie Malmos

11/30/17                                                                       **By the court:**   <u>Jean K. FitzSimon</u>
                                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                    **Order of Discharge**                                    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**